16 F.3d 420
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Arthur E. KOLZOW, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3414.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1993.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Mr. Kolzow seeks review of a final decision of the Merit Systems Protection Board (MSPB or Board) in Docket No. CH-0752-91-0407-C-1, which denied his petition for enforcement of a settlement agreement. We affirm the decision of the MSPB.
 
 DISCUSSION
 
 2
 Mr. Kolzow was removed from his position as a Supervisor of Stations and Branch Operations at the Hillside, Illinois Post Office, effective March 30, 1991. He appealed to the MSPB and as a result of that appeal, the Postal Service and Mr. Kolzow entered into a settlement agreement, cancelling his removal and providing in part that:
 
 
 3
 Effective 4/6/91, the appellant shall be changed to a Part-time City Letter Carrier, at the Melrose Park, Illinois, Post Office. The appellant shall have a craft seniority date of April 6, 1991.
 
 
 4
 The settlement agreement was placed in the record and Mr. Kolzow's appeal was dismissed. More than a year-and-a-half later, he requested the MSPB to reopen the case on the ground that the settlement agreement was in violation of Article 41, Section 2.F of the National Agreement between the National Association of Letter Carriers and the Postal Service, which provides:
 
 
 5
 [W]hen an employee ... returns to the letter carrier craft at the same installation, seniority shall be established after reassignment as the seniority the employee had when leaving the letter carrier craft without seniority credit for the service outside the craft.
 
 
 6
 He argues that, under the terms of this provision, he was entitled to a craft seniority date of September 6, 1979, instead of April 6, 1991, as stated in the settlement agreement. He also asserts that he never would have entered into this settlement agreement had he known of this provision of the National Agreement.
 
 
 7
 The MSPB relied on Article XII, Section 2(B)(2) of the National Agreement which states:
 
 
 8
 An employee who left the bargaining unit ... and returns to the same craft will begin a new period of seniority if the employee returns from a non-bargaining unit position within the Postal Service, unless the employee returns within two (2) years from the date the employee left the unit.
 
 
 9
 Mr. Kolzow admitted that he left the bargaining unit in 1982, and that he did not return to the unit until 1991. The MSPB held that the two provisions of the National Agreement are not inconsistent. The MSPB also held that when the two provisions are read together, they are consistent with the terms of the settlement agreement pursuant to which Mr. Kolzow began a new period of seniority upon his return to a bargaining unit position after an absence of more than two years.
 
 
 10
 Mr. Kolzow's principal argument seems to be that the MSPB erred as a matter of law in interpreting the two provisions together because, as he contends, they should be interpreted separately. There is no doubt that the MSPB's interpretation of the National Agreement and the settlement agreement is correct as a matter of law. The National Agreement is a contract and its interpretation is subject to the rules of law governing contracts. It is well settled that a contract must be read as a whole, and should be interpreted in a manner which gives reasonable meaning to all of its parts and in such a fashion that the provisions do not conflict with each other. B.D. Click Co. v. United States, 614 F.2d 748, 753 (Ct.Cl.1980).
 
 
 11
 We have reviewed the provisions of the settlement agreement and find there is nothing in that agreement which states that it is subject to or conditioned on any provision of the National Agreement between the National Association of Letter Carriers and the agency. Therefore, the plain terms of the settlement agreement require that the decision of the MSPB be affirmed. The fact that Mr. Kolzow may not have been aware of the provisions of Article 41, Section 2.F of the National Agreement at the time he signed the settlement agreement does not provide a legal basis which authorizes the court to disregard the plain and unambiguous provisions of the settlement agreement.